IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TYEIS L. BAKER-BAUMAN, et al.,  :

    Plaintiffs,  :

    vs.  :

HAROLD A. WALKER,  :

    Defendant.  :

Case No. 3:06cv017

JUDGE WALTER HERBERT RICE

DECISION AND ENTRY OVERRULING DEFENDANT'S MOTION TO DISMISS CLAIMS OF FOREIGN PATENT INFRINGEMENT (DOC. #18)

Plaintiffs bring this litigation against Defendant Harold Walker, setting forth a number of claims in their Complaint (Doc. #1), including a claim alleging that Defendant has infringed on four patents owned by Plaintiff Tyeis Baker-Bauman: two United States Patents and two foreign patents, to wit: Australian Patent No. 757,322 and China Patent Application for Invention No. 011109149.  Doc. #1 at ¶¶ 48-62.  This case is now before the Court on the Defendant's motion, requesting that this Court dismiss the Plaintiff's patent infringement claim, as it relates to the two foreign patents, for lack of subject matter jurisdiction in accordance with Fed. R. Civ. P. 12(b)(1).  See Doc. #18.  For reasons which follow, this Court overrules Defendant's Motion to Dismiss Claims of Foreign Patent Infringement (Doc. #18).

In their Complaint, Plaintiffs allege that this Court can exercise diversity jurisdiction over this litigation, in accordance with 28 U.S.C. § 1332(a). See Doc. #1 at ¶ 7. Section 1332(a) provides:

> (a) The district courts shall have original jurisdiction of <u>all</u> civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
> (1) citizens of different States;
> (2) citizens of a State and citizens or subjects of a foreign state;
> (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
> (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

(Emphasis added).[1] As can be seen, Congress has decided that District Courts can exercise subject matter over <u>all</u> civil actions in which the amount in controversy exceeds $75,000, between diverse parties.[2] When it enacted § 1332(a), Congress

---

[1] In their Complaint, Plaintiffs also allege that this Court can exercise subject matter jurisdiction under 28 U.S.C. § 1331 (investing District Courts with subject matter jurisdiction over claims arising under federal law) and § 1338(a) (giving District Courts jurisdiction over patent claims arising under an act of Congress). This Court agrees with Defendant that the claim that it is infringing foreign patents does not arise under federal law or an act of Congress and that, therefore, those statutory sections do not give this Court subject matter jurisdiction over that claim. In addition, the parties argue over the issue of whether this Court can exercise supplemental jurisdiction over that claim, under 28 U.S.C. § 1367, with the Plaintiffs taking the affirmative, while the Defendant respectfully dissents. Putting aside for a moment that Plaintiffs have not alleged in their Complaint that the Court can exercise such jurisdiction, this Court need not decide whether it can exercise supplemental jurisdiction over the foreign patent infringement claims, given that it concludes that it can exercise diversity jurisdiction over same.

[2] Defendant does not challenge that complete diversity between the parties exists or that the amount in controversy exceeds $75,000, exclusive of interest and costs.

did not include an exception for claims predicated upon foreign patents.[3] Indeed, federal courts are routinely called upon to resolve claims arising under foreign law. Thus, a provision in the Federal Rules of Civil Procedure establishes the method to determine foreign law. See Fed. R. Civ. P. 44.1. Moreover, the Supreme Court has held that the fact that a claim is predicated upon foreign law provides part of the justification necessary for a District Court to decline to exercise diversity jurisdiction under the forum non conveniens doctrine established in Gulf Oil Corp. v. Gilbert, 330 U.S. 501 (1947). Piper Aircraft Co. v. Reyno, 454 U.S. 235 (1981). Herein, the Defendant has not sought dismissal of the infringement of the foreign patent claims on the basis of that doctrine, even though the Federal Circuit has indicated that forum non conveniens can serve as a basis for dismissing such claims. Mars, Inc. v. Kabushiki-Kaisha Nippon Conlux, 24 F.3d 1368 (Fed. Cir.1994).[4]

Nevertheless, without discussing or citing the statutory text, the Defendant argues that this Court cannot exercise diversity jurisdiction in accordance with the

---

[3]Similarly, the constitutional grant of diversity jurisdiction, United States Constitution Article III, Section 2, does not contain such a limitation.

[4]Mars was an interlocutory appeal from a decision by the District Court, declining to exercise supplemental jurisdiction over a claim that the defendant had infringed a foreign patent. Therein, the Federal Circuit noted that the plaintiff had "threatened" in its reply brief to seek leave to amend to raise the issue of diversity jurisdiction, if the District Court's decision were affirmed. In response, the Federal Circuit indicated that, although the District Court had not ruled upon the defendant's motion for dismissal based upon forum non conveniens, its findings would fully support such a dismissal and that, therefore, it would be fruitless for plaintiff to carry through with its "threat." 24 F.3d at 1375-76. Notably, the Federal Circuit did not suggest therein that diversity jurisdiction does not exist over a claim based upon the infringement of a foreign patent. Indeed, if that were the law of the Federal Circuit, it would have been unnecessary and inappropriate for the Mars court to discuss forum non conveniens.

decision of the Federal Circuit in Stein Associates, Inc. v. Heat & Control, Inc., 748 F.2d 653 (Fed .Cir.1984).[5] Therein, the plaintiff alleged that the defendant's patents, including one issued by the United Kingdom, were invalid and claimed that defendant's misuse of its patents violated the Sherman Act, 15 U.S.C. § 1, et seq. The defendant counterclaimed for infringement of the patents. During the course of the litigation, the plaintiff requested preliminary injunctive relief, preventing the defendant from attempting to enforce its United Kingdom patent before a tribunal in that country. The District Court denied the requested preliminary injunction, and the Federal Circuit affirmed. In

Voda v. Cordis Corp., 476 F.3d 887 (Fed. Cir. 2007),[6] the Federal Circuit explained its holding in Stein Associates:

> In Stein Associates, Inc. v. Heat & Control, Inc., 748 F.2d 653, 658 (Fed. Cir.1984), this court held that U.S. district courts had no discretionary power to enjoin a party from enforcing a foreign patent before a foreign tribunal.

Id. at 890. Quite simply, it is fanciful to argue that such a holding establishes the proposition that District Courts cannot exercise diversity jurisdiction over patent infringement actions based upon foreign patents.

---

[5]Defendant's citation of Stein Associates in support of the proposition that a District Court cannot exercise diversity jurisdiction over a claim that a defendant has infringed a foreign patent owned by the plaintiff is somewhat baffling, given that the Federal Circuit neither used the word "diversity" nor referred to § 1332 therein.

[6]The Defendant relies upon Voda in its Notice of Supplemental Authority (Doc. #33). Therein, the Federal Circuit held that the District Court had abused its discretion by exercising supplemental jurisdiction over a claim of infringement of a foreign patent. The Voda court did not, however, address the question of whether diversity jurisdiction exists over such a claim, since the plaintiff had not alleged that such jurisdiction existed. 476 F.3d at 902.

--**5**--

Accordingly, the Court overrules Defendant's Motion to Dismiss Claims of Foreign Patent Infringement (Doc. #18).[7]

March 29, 2007

                                                /s/ Walter Herbert Rice

                                                WALTER HERBERT RICE, JUDGE
                                                UNITED STATES DISTRICT COURT

Copies to:

Counsel of Record.

---

[7] The Plaintiffs have filed a motion seeking leave to amend (see Doc. #21), which the Defendant opposes. See Doc. #22. The Court will rule upon that motion by separate Entry. It bears noting, however, that, if such leave is granted, the Plaintiffs' amended complaint will rely upon diversity of citizenship as a basis of subject matter jurisdiction and include a claim of infringement predicated, in part, upon the foreign patents. Therefore, this Court will not "moot" this Decision, if it sustains the Plaintiffs' motion seeking leave to amend.